UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEMATRE SHEQUE MCALLISTER,  )<br>                Plaintiff,  )<br>                                     )<br>             -vs-  )<br>                                     )<br>Kilolo Kijakazi,[1]  )<br>Acting Commissioner of Social Security,  )<br>                                     )<br>               Defendant.  )<br>_____)  | Civil Action No.: 4:21-cv-02327-TER<br><br><br><br>**ORDER** |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed an application for SSI on March 30, 2017, with an amended alleged onset date of March 30, 2017.[2] (Tr. 47). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. Plaintiff and a VE testified at a hearing in May 2019. (Tr. 47).

---

[1] Kilolo Kijakazi is the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

[2] On January 6, 2017, there was an administratively final ALJ decision finding Plaintiff's disability ended on January 31, 2012, and Plaintiff had not become disabled again since that date. (Tr. 158).

The Administrative Law Judge (ALJ) issued an unfavorable decision on March 12, 2020, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 47-60). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on June 15, 2021, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3).  Plaintiff filed this action on July 28, 2021. (ECF No. 1).

**B.     Introductory Facts**

Plaintiff was born on October 13, 1993, and was twenty three years old on the alleged onset date. (Tr. 59).  Plaintiff has at least a high school education and has no past relevant work. (Tr. 59). Plaintiff alleges disability initially due to anxiety, bipolar, sleep disorder, depression, learning disability, and brain damage. (Tr. 179).

**C.     The ALJ's Decision**

In the decision of March 12, 2020, the ALJ made the following findings of fact and conclusions of law (Tr. 47-60):

1.  The claimant has not engaged in substantial gainful activity since March 30, 2017, the application date (20 CFR 416.971 *et seq.*).

2.  The claimant has the following severe impairments: an organic brain disorder, status post traumatic brain injury; borderline intellectual functioning; a learning disorder; a generalized anxiety disorder; a social anxiety disorder; and a neurocognitive disorder (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is able to perform detailed, but noncomplex, written or oral

> instructions. The claimant is not able to work at a pace as determined by the speed of machinery or equipment. The claimant is able to handle work tasks involving no more than a few variables from a standardized situation. The claimant is able to interact with supervisors occasionally. The claimant is able to interact with coworkers occasionally, but only superficially. The claimant is never able to interact with the public. The claimant is able to tolerate no more than ordinary and routine changes in work setting and duties.

5.  The claimant has no past relevant work (20 CFR 416.965).

6.  The claimant was born on October 13, 1993 and was 23 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 30, 2017, the date the application was filed (20 CFR 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in determining the Paragraph B findings of the Listings. Plaintiff argues he had either one extreme or two marked limitations. Defendant argues the ALJ's analysis here was sufficient, was in accordance with the applicable law, and Plaintiff has failed to show that the ALJ's decision is not based on substantial evidence.

### A.    LEGAL FRAMEWORK

#### 1.    The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[3] (4) whether such impairment prevents claimant from performing PRW;[4] and (5)

---

[3] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[4] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of

that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

Plaintiff argues the ALJ erred in determining the Paragraph B findings of the Listings. Plaintiff argues he had either one extreme or two marked limitations.

The "Listings," found at 20 C.F.R. part 404, subpart P, appendix 1, "is a catalog of various

disabilities, which are defined by 'specific medical signs, symptoms, or laboratory test results.' " *Bennett v. Sullivan*, 917 F.2d 157, 160 (4th Cir. 1990) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530, (1990)). A claimant's impairment meets a Listing if "it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement." 20 C.F.R. § 404.1525(c)(3)(eff. 3/27/17). The only time requirement is that "the evidence must show that your impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months." *Id.* at (c)(4). "When a claimant satisfies a listing by meeting all its specified medical criteria, he presumably qualifies for benefits. *See Bennett*, 917 F.2d at 160.

The impairment medically equals a Listing "if it is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 404.1526(a)(eff. 3/27/17). If a claimant has a listed impairment, but: 1) does "not exhibit one or more of the findings specified in the particular listing, or" 2) exhibits "all of the findings, but one or more of the findings is not as severe as specified in the listing," the claimant's impairment is medically equivalent to the listing if the claimant has "other findings related to [his or her] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 404.1526(b)(1).

At step three, to determine whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1, the ALJ must identify the relevant listed impairments and then compare the listing criteria with evidence of claimant's symptoms. *Cook v. Heckler*, 783 F.2d 1168 (4th Cir.1986). In *Cook*, the court held that the ALJ should "have compared each of the listed criteria to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Id.* at 1173.

Plaintiff here only contests the four Paragraph B criteria. One of the several Listings cited by the ALJ was 12.02, which includes the Paragraph B criteria:[5]

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
> 4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.02B.

The rating definitions are as follows:

> b. Mild limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is <u>slightly limited</u>.
> c. Moderate limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is <u>fair</u>.
> d. Marked limitation. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is <u>seriously limited</u>.
> e. Extreme limitation. You are <u>not able to function</u> in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00F.2(emphasis added).

<u>Understand, Remember, or Apply information</u>

The listing provides as to this criteria:

> This area of mental functioning refers to the abilities to learn, recall, and use information to perform work activities. Examples include: Understanding and learning terms, instructions, procedures; following one- or two-step oral instructions to carry out a task; describing work activity to someone else; asking and answering questions and providing explanations; recognizing a mistake and correcting it; identifying and solving problems; sequencing multi-step activities; and using reason and judgment to make work-related decisions. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the

---

[5] Plaintiff's arguments are regarding the paragraph B criteria generally and are not addressed towards a specific Listing number. The ALJ considered Listings 12.02, 12.04, 12.05, 12.06, and 12.11. (Tr. 49). The paragraph B criteria are the same for each of those listings; the paragraph B criteria of Listing 12.02 is cited here by way of example.

examples.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00E1. The ALJ found a moderate limitation in this criteria. (Tr. 50). The ALJ cited to a 2011 full scale IQ score of 75 from consultative examiner Dr. Neely, citing Exhibit B1F. (Tr. 50; 355). The ALJ reviewed school records of small group and one-on-one instruction in reading, math, transition, and language in a special education classroom, citing to Exhibit B3F. (Tr. 50; 369-379). The ALJ cited to Exhibits B6F, B9F, and B11F to support that Plaintiff's treating psychiatrist, Dr. Chung found no greater than mild impairment in memory on exams during the relevant periods. (Tr. 50; 430, 454, 461, 468). The ALJ then cited to the September 2017 CDI report that Plaintiff shopped alone and paid for items with cash or card, citing Exhibit B8F. (Tr. 50; 446-449). The ALJ supported this moderate finding with citation to substantial evidence.

Interacting with Others

>The listing provides as to this criteria:
>
>This area of mental functioning refers to the abilities to relate to and work with supervisors, co-workers, and the public. Examples include: cooperating with others; asking for help when needed; handling conflicts with others; stating own point of view; initiating or sustaining conversation; understanding and responding to social cues (physical, verbal, emotional); responding to requests, suggestions, criticism, correction, and challenges; and keeping social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00E2.

The ALJ found a moderate limitation in this criteria, citing to Dr. Chung's treatment notes of exams of depressed/anxious mood and cooperative behavior and the CDI report of Plaintiff's being friendly, good eye contact, carrying on conversation, and not appearing to respond to internal

stimuli, citing to Exhibit B8F. (Tr. 50). Shopping alone, interacting with business employees, and interacting with investigators are relevant support for this criteria as it goes to ability to cooperate with others, sustaining conversation, and keeping interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness.  The ALJ supported this moderate finding with citation to substantial evidence. The court does not reweigh evidence and even when conflicting evidence exists, under the standard of review it does not mean there does not exist substantial evidence to support the ALJ's finding. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)

Concentration, Persistence, or Pace

> The listing provides as to this criteria:
>
> This area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate. Examples include: Initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00E3.  The ALJ found a moderate limitation in this criteria, citing to Dr. Neely's exam of a processing speed score of 81 and a full IQ score of 75. (Tr. 50). The ALJ cited to exam findings of Dr. Chung where Plaintiff had exams of "able to concentrate" and intact attention.  (Tr. 50, 430, 431, 452, 453, 454, 461, 468, 470, 472). The ALJ cited to substantial evidence to support the finding of a moderate limitation in this Paragraph B criteria.

Adapting and Managing Oneself

> The ALJ found a mild limitation in this paragraph B criteria. (Tr. 50). The listing provides

as to this criteria:

> This area of mental functioning refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting. Examples include: Responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00E4. The ALJ cited to Dr. Chung's treatment notes showing a normal appearance upon exam. (Tr. 50, 429, 431, 452, 453, 454, 460, 468, 470, 472). Plaintiff had a valid driver's license. The ALJ cited to Plaintiff's ability to carry on conversation with investigators but noted Plaintiff did not complete the ruse document correctly when he signed his name on all the lines. The ALJ cited to Plaintiff's report of using medication to calm anxiety of being around people. (Tr. 51). The ALJ cited to relevant consideration regarding Plaintiff's ability to shop alone, drive or walk to the store, interact in the store without difficulty, navigate without difficult, and complete the financial transaction. (Tr. 51).

It is evident based on the ALJ's discussion that multiple pieces of record evidence were used in supporting the above paragraph B findings and that the ALJ did not solely or primarily rely on the CDI report as suggested by Plaintiff. (ECF No. 10 at 11). The CDI findings are relevant to the examples regarding the Paragraph B criteria listed in 12.00E.

The standard of review here is not whether conflicting evidence might have resulted in a contrary decision, but it is whether substantial evidence supports the ALJ's decision. Even with some evidence of abnormal[6] findings, the ALJ provided more than a mere scintilla of record support

---

[6] Plaintiff, in part, relies on reports of inability to sleep alone. (ECF No. 10 at 16).

for the paragraph B findings. The court does not weigh again evidence already weighed by the ALJ. The ALJ complied with the applicable regulations in making clear to a subsequent reviewer the reasons for the findings made. The ALJs decision was based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

### III.  CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

|  |  |
|---|---|
| March 22, 2022 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |